[639 NYS2d 930]

In the Matter of SETIRI SPIRO SOTIRIOU, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 18, 1996

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

*Setiri Spiro Sotiriou,* Long Island City, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this Court on March 27, 1957.

In this proceeding, the respondent is charged with nine allegations of professional misconduct, emanating from his mishandling of his escrow account. The Special Referee sustained all the charges. The Grievance Committee moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm the report of the Special Referee.

We note at the outset that this Court's authorization of a disciplinary proceeding was not based on any client's allegations of professional misconduct. Rather, while undergoing an investigation of his representation of a client in a real estate transaction, the respondent inadvertently alerted Grievance counsel to inadequacies in his escrow account record keeping. Specifically, the respondent noted that he had never removed his fee for the aforesaid representation from his escrow account. While the Grievance Committee determined that there was no impropriety in the respondent's representation of his client, Grievance counsel requested, based on the respondent's own revelations of commingling, that the respondent submit his escrow records. Upon a review of the account, the Grievance Committee discovered irregularities in the respondent's escrow account and sought authorization for the present disciplinary proceeding.

The petition served by the Grievance Committee upon the respondent contained nine allegations of misconduct, including conversion (two charges), commingling, failing to maintain proper bookkeeping records, issuing checks to "cash", failing to properly identify the escrow account, and failing to provide the Grievance Committee with the requested escrow records.

Based on the respondent's admissions at the commencement of the hearing, we find that the charges were properly sustained. Accordingly, the petitioner's motion to confirm is granted. The respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we have taken into account the fact that the respondent's conversion of funds was the result of two inadvertent overpayments to clients. We have also considered the analysis of the respondent's escrow account, prepared by a firm of certified public accountants, which supports the respondent's argument of inadvertence. Of additional importance is the respondent's prompt actions in adjusting his bookkeeping practices to conform with ethical obligations. Finally, we note the respon-

dent's nearly 40 years of practice, his prior unblemished record, and the fact that the charges were not precipitated by injuries to a client. Based on the foregoing it is the decision of this Court that the respondent be censured for his misconduct.

MANGANO, P. J., BALLETTA, ROSENBLATT, MILLER and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Setiri Spiro Sotiriou, is hereby censured.